IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACKY ALLEN ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-CV-884-WHA |
| | ) | [WO] |
| JEB HOWELL (INVESTIGATOR), *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, brings this 42 U.S.C. § 1983 action challenging matters associated with his arrest and detention in January 2019 on six counts of breaking and entering a motor vehicle. Plaintiff names as defendants Investigator Jeb Howell and the Dothan Police Department. Upon review, the court concludes that dismissal of Plaintiff's claims against the Dothan Police Department prior to service of process is appropriate under 28 U.S.C. § 1915A.

## I. DISCUSSION

### A.     Standard of Review

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). Under § 1915A(b)(1) the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or

no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

**B.    The Dothan Police Department**

Plaintiff names the Dothan Police Department as a defendant. However, this department is not a legal entity subject to suit or liability. *See Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority."); *Clay-Brown v. City of Decatur*, 2013 WL 832315, *2 (N.D. Ala. Feb. 28, 2013 (finding that "[u]nder Alabama law, only a municipality itself has the capacity to sue and be sued, as opposed to agencies, departments or divisions of the municipality.").  Thus, the court finds Plaintiff's claims presented against the Dothan Police Department are subject to summary dismissal as frivolous under 28 U.S.C. § 1915A(b)(1) since this defendant is not a suable entity.  *Howard v. City of Demopolis*, 984 F. Supp.2d 1245, 1253 (S.D. Ala. 2013) (noting previous determination "that police departments are not a proper legal entity capable of being sued."); *Manning v. Mason*, 2011 WL 1832539, *3 (M.D. Ala. May 13, 2011) (citations omitted) (finding "that a law enforcement department is not a legal entity capable of being sued.  Accordingly, as it is not subject to suit, Plaintiffs' claims against [the] Enterprise Police Department are due to be dismissed with prejudice."); *Blunt v. Tomlinson*, 2009 WL 921093, *4 (S.D. Ala. Apr. 1, 2009) (finding that "[i]n Alabama, a city's police department is not a suable entity or a proper party under state law or for § 1983 purposes."); *Johnson v. Andalusia Police Dept.*, 633 F. Supp.2d 1289, 1301

(M.D. Ala. 2009) (finding that Plaintiff's "claims against the Andalusia Police Department must fail because police departments are generally not considered legal entities subject to suit.").

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Plaintiff's claims against the Dothan Police Department be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1);

2.   The Dothan Police Department be TERMINATED as a party; and

3.   This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that **on or before January 21, 2020**, Plaintiff may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 7th day of January 2020.

                    /s/   Charles S. Coody            
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE